Anthony M. Livoti, J.
Motion by plaintiff for an order directing the purchaser at a foreclosure sale to pay the balance of the price bid by him, or, in the alternative, directing that the premises be readvertised for sale and that the purchaser be held liable for the expenses thereof and for any deficiency between the price bid by the purchaser and the amount hereafter bid on the resale.- The purchaser in his affidavit in opposition asks to be relieved of his bid and for the return of his deposit.
On November 6, 1959 the Referee offered the property for sale, and it was bid in by the purchaser for $5,300. He paid 10% down and signed a memorandum of sale which provided for closing of title at the office of the Referee on December 7, 1959.
A title company retained by the purchaser discovered that there was a judgment for $698.62 which was a lien on the premises. Plaintiff’s foreclosure search, made by another title company, had failed to disclose the existence of this judgment. The purchaser notified the Referee on or about December 1, 1959, and he in turn notified plaintiff’s attorney on or about December 2,1959. Thereafter plaintiff’s title company offered a letter of indemnity to the purchaser’s title company, on the basis of which the latter title company was willing to omit the objection to title. Since the judgment was not satisfied, however, the purchaser refused to accept title. He made a tender on December 7, 1959, the date specified in the terms of sale, and then demanded the return of his deposit.
*570 Plaintiff’s title company later cleared the title by securing a release of the judgment. On or about January 12, 1960 the Referee wrote to the purchaser advising him that title had been cleared, and offered to close the transaction. The purchaser states that in the meantime he had placed his money in another investment and was no longer interested.
It is conceded that the Referee had the power to adjourn the closing to enable the plaintiff to clear title. It is not disputed, however, that no adjournment was requested or granted. Plaintiff explains this omission to request an adjournment by stating that it did not expect the purchaser to refuse title when his own title company was willing to omit the objection. Nevertheless the purchaser was entitled to a clean title and could not be required to accept one burdened with a judgment merely because his own title company was willing to insure the title. After all, he was not required to carry title insurance, though the wisdom of doing so is clearly exemplified by this case.
The defect in title justified the purchaser in refusing to close. Under the circumstances, he is entitled to be relieved of his bid and to have his deposit returned.
Plaintiff’s motion is denied. Let the order hereon provide for the return of the purchaser’s down payment and for the resale of the property but not at the purchaser’s expense. Settle order.